UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

STACEY BRAY, *as Independent*
*Administrator of the Estate of*
*SUNNY LYNN SWANSON, Deceased,*

      Plaintiff,

  v.

PATROLMAN JAMES M. HUBER, *et al.*,

      Defendants.

Case No. 10-cv-807-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on its own initiative for purposes of case management.

On October 15, 2010, Plaintiff Stacey Bray filed her Complaint (Doc. 1) in this case. Spanning 146 pages and containing 41 separate counts and countless paragraphs, Bray's complaint is not light reading; rather, it smacks of great redundancy.

Federal Rule of Civil Procedure 8 makes clear the following:

> (a) **Claim for Relief**.  A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).  Failure to conform to the requirements of Rule 8(a) may be grounds for dismissal and refiling of the complaint.  *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376-78 (7th Cir. 2003) (a complaint with 400 paragraphs covering 155 pages followed by 99 attachments, replete with undefined acronyms and

mysterious cross-references, was so confused that neither the court nor the adverse parties should be required to "try to fish a gold coin from a bucket of mud"); *Richee v. Velasco*, No. 02 C 7761, 2002 WL 31455982, at **1-2 (N.D. Ill. Nov. 1, 2002) (dismissing with leave to amend an 85-page handwritten *pro se* complaint consisting of 329 paragraphs); *Fernandez v. Supreme Ct. of Ill.*, No. 02 C 3402, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002) (dismissing an 81-page complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law"); *Dudley Enters., Inc. v. Palmer Corp.*, 822 F. Supp. 496, 499-501 (N.D. Ill. 1993) (dismissing a complaint under the Racketeer Influenced and Corrupt Organizations Act and state law that contained 111 allegations with extensive subparagraphs spread over 46 pages and was organized in a confusing, disjointed, and repetitive manner).

The instant complaint is many things, but one thing it is not is compliant with the clear mandate of Rule 8(a). Specifically, the complaint fails to simply and plainly state Bray's claims, as is perhaps best evidenced by its sheer length. Until Bray adheres to this hallmark of federal pleading, the Court will not entertain her claims.

For the above stated reasons, the Court **DISMISSES** Bray's Complaint (Doc. 1) and **GRANTS** her **leave to re-file an amended complaint no later than November 19, 2010**.

**IT IS SO ORDERED.**
**DATED: October 20, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**